# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**LATASHA MOORE**<br><br>Defendant. | Case No.<br><br>**VIOLATION:**<br>**18 U.S.C. § 201(b)(2)(A) (Bribery)**<br><br>**UNDER SEAL** |

## INFORMATION

The United States Attorney charges:

### COUNT ONE

Between on or about July 1, 2014, through on or about August 10, 2017, in the District of Columbia and elsewhere, the defendant, LATASHA MOORE, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being influenced in the performance of an official act; that is, MOORE, a contract administrator for the District of Columbia Department of Human Resources (DCHR), accepted approximately $140,537.02 in payments from J.W., in exchange for approving and recommending that other DCHR employees approve invoices for payment submitted to DCHR by J.W., and for taking various official actions to ensure that Tai Pedro & Associates, P.C., a company for whom J.W. managed two Blanket Purchase Agreements (BPAs) with DCHR, did not lose its BPAs with DCHR.

(Bribery of a Public Official, in violation of 18 U.S.C. § 201(b)(2)(A)).

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

2.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: _____
MICHAEL J. MARANDO
N.Y. Bar No. 4250395
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20001
(202) 252-7068
Michael.Marando@usdoj.gov